OPINION BY
BENDER, P.J.E.:
Appellant, Joseph Schmidt, appeals from the judgment of sentence of 2 to 4 years’ incarceration, imposed after the trial court revoked his sentence of intermediate punishment stemming from his convictions of driving under the influence of alcohol (DUI), and fleeing or attempting to elude a police officer. On appeal, Appellant seeks to raise one issue challenging the discretionary aspects of his sentence. Additionally, his counsel, Douglas Vanston, Esq., seeks to withdraw his representation of Appellant pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 *1004 L.Ed.2d 493 (1967), and Commonwealth v. Santiago, 602 Pa. 159, 978 A.2d 349 (2009). After careful review, we affirm Appellant’s judgment of sentence and grant counsel’s petition to withdraw.
The trial court summarized the facts and procedural history of Appellant’s case, as follows: •
Under Docket Number CP-35-CR-0002654-2011, [Appellant] was charged with Possession of a Controlled Substance in violation of 35 P.S. 780-113(a)(16), Driving Under the Influence of Alcohol or Controlled Substance [ (DUI) ] in violation of 75 Pa.C.S.A. [§ ] 3802(c), and Fleeing or Attempting to Elude Officer in violation of 75 Pa.C.S.A. [§ ] 3733(a). These eharge[s] stemmed from a June 25, 2011, incident in which an Officer of the Scranton Police Department observed [Appellant] interact with two other males in a convenient [sic] store and parking lot. [Appellant’s] vehicle was a maroon truck bearing PA Registration YSJ0599. The Officer pulled his patrol vehicle behind [Appellant’s] truck and when [Appellant] noticed, he drove away. As the Officer followed, [Appellant’s] driving became erratic and he failed to fully stop at intersections. The Officer activated his emergency lights and siren to conduct, a traffic stop, yet, [Appellant] continued driving erratically. [Appellant] stopped .but the Officer observed him making furtive movements inside the cab of the truck. The Officer .detected a strong odor of alcohol coming from the vehicle and observed [Appellant’s] glossy, eyes and slow, slurred speech. The Officer also observed an open beer can next to the driver seat. [Appellant] consented to a search of his vehicle and person. The Officer’s search of [Appellant’s] vehicle yielded over ten (10) open cans of beer, a pill identified as Dextro Amphetamine/ Amphetamine 7.5[ m]g, a Schedule, II controlled substance, and the corner of a “twist” containing white ¡powder residue] which the officer. knew is the type of item comfnonly used to package narcotics. The Officer was additionally informed by the Fire Inspector who assisted, him at the scene that he found a .top half of a twist bag at the intersection near where [Appellant] ultimately stopped.
On January 20, 2012, [Appellant] entered a guilty plea to .., [DUI] ...' in violation of 75 Pa[.]C.S.A. [§ ] 3802(c) and .., Fleeing or Attempting to Elude Officer in violation of 75 Pa[.]C.S.A. [§ ] 3733(a).
On April 17, 2012, this [c]ourt sentenced [Appellant] [for] -,.. DUI to.a six (6) 'month Intermediate Punishment Sentence with the first three (3) days on ‘SCRAM House Arrest[], followed by twenty seven (27)- days SCRAM Alcohol Monitoring plus five (5) months’ probation and [for] .. . Fleeing or Attempting to Elude Officer to two (2) years’ probation, consecutive.
On November 21; 2012, this [e]ourt revoked , [Appellant’s] , April 17, 2012, sentence after [Appellant] stipulated to a probation violation after.- [he] entered a guilty plea to a charge of Indirect Criminal Contempt for repeatedly violating a Protection from Abuse Order issued by the Honorable Margaret Bisignani Moyle. This [c]ourt resentenced [Appellant] to two (2) years[’] Intermediate Punishment with the first ninety (90) days on SCRAM-House'Arrest followed by ninety (90) days on alcohol monitoring and ordered the [Appellant] to participate in the Lackawanna County DUI Court Program.
On January 15, 2014, this [c]ourt again revoked and resentenced [Appellant] ... [for his Fleeing or Attempting *1005 to Elude a Police- Officer conviction] to a two (2) year Intermediate Punishment Sentence with the first ninety (90) days [on] House Arrest, attend D[UI] Court, and no contact with Joan Chorsencki for the first six (6) months with no further Penalty [for his DUI conviction]. This occurred after [Appellant] stipulated at his [revocation of probation] hearing to violating the terms of his supervision by being arrested for Public Drunkenness in a Walmart parking lot and living at an unregistered address with Joan Chor-sencki, a woman with a criminal history who had been under supervision of the Pennsylvania Board of Probation and Parole.
On October 8, 2014, this [c]ourt once again revoked and resentenced [Appellant] ... [for his Fleeing or Attempting to Elude a Police Officer conviction] to a two (2) year Intermediate Punishment Sentence with the first ninety (90) days on SCRAM House Arrest, attend DUI. Court, and no contact with Joan Chor-sencki for the first six (6) months[,] with no further Penalty ... [for his DUI offense]. This occurred after [Appellant] stipulated [at the revocation hearing] to violating the terms of his supervision ... after the police were called to his residence regarding a domestic dispute between [Appellant] and , Joan Chor-sencki, despite this [e]ourt[’s] repeatedly ordering [Appellant] to stay away from Ms. Chorsencki from the Bench throughout DUI Court appearances.
On April 8, 2015, following [Appellant’s] fourth violation, this [c]ourt once again revoked and resentenced [him for his Fleeing or Attempting to Elude a Police Officer offense] two (2) year[s’] Intermediate Punishment ,.. with the first three (3) months in Lackawanna County Prison on Work Release, followed by three (3) months on SCRAM House Arrest. This occurred after [Appellant] stipulated [at his revocation hearing] to violating the terms of his supervision ... [when] he was arrested by Scranton Police regarding another domestic dispute between [him] and Joan Chorsencki.
.. On August 17, 2016, this [c]ourt again revoked [Appellant’s] [Intermediate Punishment]- sentence [for his conviction of Fleeing or Eluding a Police Officer] and resentenced [him] to two (2) to four (4) years’ incarceration in a State Correctional Institution. [Appellant] stipulated to- violating the terms of his supervision [by being] ... arrested at Joan Chorsencki’s residence after engaging in a physical altercation with her brother, Joseph, while [Appellant] was under the influence of alcohol...
On August 17,2016, [Appellant] filed a Motion for Reconsideration of Sentence in which he cited his relapse and struggle with alcohol abuse and requested that this [c]ourt reconsider another [Intermediate Punishment] sentence or a program including Work Release. This [c]ourt denied [Appellant’s] Motion for Reconsideration, on August 31,2016.
[Appellant] filed a Notice of Appeal to the Pennsylvania Superior Court on September 16,2016. -.
Trial Court Opinion (TCO), 11/29/16, at 1-4 (citations to the record omitted).
On September 30, 2016, the trial court issued an order directing Appellant to file a Pa.R.A,P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied, filing a Rule 1925(b) statement that presented -the following, single issue: “Whether the senterice[ ] imposed [was] harsh and unreasonable and an abuse of discretion?” Rule 1925(b) Statement, 10/4/16, at 1.
On January 4, 2017, Attorney Vanston filed with this Court a petition to *1006 withdraw from representing Appellant. He has also filed an Anders brief, asserting that Appellant’s sentencing issue is frivolous, and that there are no other, non-frivolous issues Appellant could raise on appeal.
This Court must first pass upon counsel’s petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).
Prior to withdrawing as counsel on a direct appeal under Anders, counsel must file a brief that meets the requirements established by our Supreme Court in Santiago. The brief must:
(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record that counsel believes arguably supports the appeal;
(3) set forth counsel’s conclusion that the appeal is frivolous; and
(4) state counsel’s reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
Santiago, 978 A.2d at 361. Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: “(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[’]s attention in addition to the points raised by counsel in the Anders brief.” Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).
Commonwealth v. Orellana, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of Anders and Santiago, this Court must then “conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.” Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).
In this ease, Attorney Vanston’s Anders brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant’s sentencing claim, and he sets forth his conclusion that Appellant’s appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Vanston also attaches to his Anders brief a letter directed to Appellant in which he states that he has enclosed a copy of his Anders brief, and he also informs Appellant of the rights enumerated in Nischan. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant’s sentencing issue is frivolous, and to ascertain if there are any other, non-frivolous issues that Appellant could pursue on appeal.
We begin by addressing the trial court’s conclusion that Appellant has waived his claim that' his “sentence was harsh and excessive” by not “preserving] that issue in his [p]ost-[s]entence [m]otion.” TOO at 4. In that motion, Appellant averred that he “is struggling with an alcohol abuse problem[,]” and he asked the court to give him “one last opportunity to maintain his sobriety” by imposing another “intermediate punishment sentence or a program including Work Release in the *1007 alternative.” Post-Sentence Motion, 8/17/16, at 1-2. Appellant at no point stated that his sentence is harsh and excessive and, even if we liberally construed his post-sentence motion as encompassing a general excessiveness claim, he clearly did not assert the more specific contentions that he now seeks to raise on appeal. Attorney Vanston summarizes those arguments, as follows:
Appellant contends that given the nature of the violation, the sentence was harsh and excessive. He argues that the lower court imposed a more severe sentence not due to any egregious facts surrounding the commission of the crime or the particular need to protect the community, but rather imposed its sentence as a punishment for his addiction problems. Although the lower court has the same sentencing alternatives as when it imposed its initial sentence, Appellant argues that the additional time given on the resentencing served as punishment for his alcoholism. Appellant suffers from addiction issues. He contends that the resentence was not warranted by the facts surrounding the commission of the crime or the necessity to protect the public. He submits that the August 17, 2016 resentence was unduly harsh and excessive since the criminal charge too [sic] which he pled [guilty] was only a summary offense.
Anders Brief at 12.
Because Appellant’s specific sentencing claims were not set forth in, or fairly suggested by, his post-sentence motion, we agree with the trial court that they are waived. See Commonwealth v. Bromley, 862 A.2d 598, 603 (Pa. Super. 2004) (“It is well settled that an [a]ppellant’s challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.”) (citation omitted).
In any event, we would conclude that Appellant’s arguments are frivolous, even if they had been properly preserved.
Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).
Here, nothing in the record indicates that the trial court abused its discretion in sentencing Appellant to 2 to 4 years’ incarceration after revoking his term of intermediate punishment for his fleeing and eluding offense.[1] Appellant was before the court for his fifth violation of the probation and/or intermediate punishment sentences imposed for his two underlying convictions in this case (DUI and fleeing or eluding a police officer). Additionally, the court offered the following reasons for imposing Appellant’s sentence:
*1008 [Appellant] stipulated to the violation. The [c]ourt considered that [Appellant] has made efforts toward sobriety throughout his supervision and that this violation was relapse related. However, this [c]ourt also considered that it had giv[en] [Appellant] many opportunities and chances, yet [Appellant] did ... not successfully complete[ ] his sentence. Moreover, despite this [c]ourt[’s] continually requiring that [Appellant] stay away from Ms. Chorsencki, [Appellant] was still in contact with her through visits at the Lackawanna County Prison. Furthermore, this [c]ourt had ample opportunity to observe [Appellant] throughout the DUI Treatment Court requirement, which this [c]ourt supervises.
As such, this [c]ourt was aware of the specific facts of [Appellant’s] character and history. [Appellant’s] misconduct and violation while under supervision are sufficient reasons for the sentence imposed. Additionally, the sentence imposed does not exceed the statutory maximum.[2] This [c]ourt considered [Appellant’s] desire to make positive changes in his life. However, this [c]ourt also considered [Appellant’s] failure to take advantage of the rehabilitative opportunities afforded to him by the original sentence and [Appellant’s] disregard for the [c]ourt’s specific orders.
This [c]ourt did not impose an excessive and harsh sentence in [Appellant’s] case. The sentence was appropriate under the facts and circumstances of the case and in light of the guidelines. This [c]ourt considered the punitive, deterrent, and rehabilitative purposes of sentence, as well as the impact of the crime on the community.
Therefore, based upon the foregoing reasons, the sentence imposed by the [c]ourt was neither excessive nor harsh, and no abuse of discretion occurred.
TCO at 9-10 (citations to the record omitted).
The trial court’s rationale for fashioning Appellant’s sentence convinces us that the court did not abuse its discretion. Contrary to Appellant’s argument, nothing in the court’s discussion, or in the record, suggests that the court imposed his sentence “as punishment for his alcoholismf,]” or that his sentence is harsh because the revocation of his intermediate punishment sentence was based on his committing “only a summary offense” of harassment. Appellant’s Brief at 12. It is clear that the court imposed a sentence of 2 to 4 years’ incarceration because Appellant has squandered the multiple, rehabilitative opportunities provided to him in the past, he has continued to abuse alcohol and commit crimes when not incarcerated, and he seemingly has no intention of adhering to the court’s order to cease contact with Ms. Chorsencki. See N.T., 8/17/16, at 4 (Appellant’s admitting that Ms. Chorsencki has “been coming over to the jail to visit” him after he was arrested-on the charges underlying the present revocation of his intermediate punishment sentence).
In light of this record, we would conclude that Appellant’s sentencing claims are frivolous, even if he had preserved them for our review. Additionally, our review of the record reveals no other, non-frivolous issues that counsel could assert *1009 on Appellant’s behalf. Accordingly, we affirm Appellant’s judgment of sentence and grant counsel’s petition to withdraw.
Judgment of sentence affirmed. Petition to withdraw granted.
President Judge Emeritus Stevens joins this opinion.
President Judge Gantman files a concurring opinion.

. We note that,
[a]n intermediate punishment sentence imposed pursuant to 42 Pa.C.S. § 9763, Sentence of Intermediate Punishment, may be revoked where the specific conditions of the sentence have been violated. Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. 42 Pa.C.S. § 9773....
Commonwealth v. Philipp, 709 A.2d 920, 921 (Pa. Super. 1998).

. Appellant’s fleeing or eluding conviction was graded as third-degree felony, see 75 Pa.C.S. § 3733(a.2)(2)(i), thus carrying a statutory maximum term of seven years' incarceration, see 18 Pa.C.S. § 1103(3). Our review of the record shows that, prior to the imposition of the current sentence, Appellant had served a total of 9 months’ incarceration for this offense. Accordingly, the court’s imposition of 2 to 4 years' incarceration does not exceed the statutory maximum.